NO. 07-10-0043-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 AUGUST 17, 2011



 

 



 

 

UNITED SUPERMARKETS, L.L.C., APPELLANT

 

v.

 

SANDRA RAMIREZ, APPELLEE 



 

 



 

 FROM THE 99TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2005-545,560; HONORABLE WILLIAM C. SOWDER, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, United
Supermarkets, L.L.C., appeals
the trial court's order denying its application to vacate, modify, or correct
an arbitration award in favor of Appellee, Sandra Ramirez.  In a single issue, United asserts the trial
court erred in entering an award premised on the finding by Arbitrator Frank E.
Murchison that United was liable for Ramirez's injuries under a premises
liability theory without also finding United had actual or constructive
knowledge of a dangerous condition.  We affirm.  

Background

            In December 2008, Ramirez filed her
original petition asserting United was liable for injuries she sustained when
she slipped on ice while stocking a freezer. 
Thereafter, Ramirez and United agreed to arbitration.

            In
November 2009, an arbitration proceeding was held, and in December, the Arbitrator
issued his report and award.  The
Arbitrator found in Ramirez's favor and awarded damages to Ramirez because United
was negligent (1) under a business invitee premises liability theory and (2) in
failing to provide Ramirez a safe place to work in connection with the risk of
slipping on ice buildup in the walk-in freezer. 


            In
January 2010, United filed an application to vacate, modify or correct the Arbitrator's
award.  In its application, United only asserted
that the Arbitrator's award was contrary to Texas law asserting that actual or
constructive knowledge is necessary to support Ramirez's claim of negligence
under a premises liability theory.  The
trial court denied United's application and this appeal followed.

Analysis

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure requires, among other things, that the record show that the
trial court "ruled on [a] request, objection, or motion, either expressly
or implicitly" before a complaint may be presented for appellate
review.  Tex. R. App. P. 33.1(a)(2)(A).  If an
argument is presented for the first time on appeal, it is waived.  See Marine Transport Corp. v. Methodist Hospital, 221 S.W.3d 138,
147 n.3 (Tex.App.--Houston [1st Dist.] 2006, no pet.).  Because United's application did not
challenge the Arbitrator's determination that United was negligent in failing to
provide Ramirez a safe place to work in connection with the risk of slipping on
ice buildup in the walk-in freezer, this issue was not preserved our review.  

            Because
the trial court's denial of United's application, as well as the Arbitrator's
award, may have been based upon a single ground not specifically challenged by
United before the trial court and, therefore, waived on appeal, the trial
court's order must stand.  See Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970); Reese v. Beaumont Bank, N.A., 790 S.W.2d 801, 804-05
(Tex.App.--Beaumont 1990, no pet.); Rodriguez
v. Morgan, 584 S.W.2d 558, 559 (Tex.Civ.App.--Austin 1979, writ ref'd
n.r.e.).  Accordingly, United's
single issue is overruled.

Conclusion

            The
trial court's denial of United's application is affirmed.  

                                                                                                

Patrick
A. Pirtle

      Justice